UNITED STATES DISTRICT COURT
WESTERN DISTRICT COURT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| SYLVIA N. RIVAS<br>PLAINTIFF,<br><br>vs.<br><br><br>THE PENSION COMMITTEE OF<br>JOHNSON & JOHNSON,<br>JOHNSON & JOHNSON, AND<br>REED GROUP<br>DEFENDANTS, | Case No.: 3:11cv-257-S |

## VERIFIED COMPLAINT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Comes Plaintiff Sylvia N. Rivas, in person and by counsel, and for her Verified Complaint against Defendants, states as follows:

1. This is a civil action for benefits due to Plaintiff arising from denial of her long term disability benefits provided through her employer Johnson and Johnson.

## JURISDICTION AND THE PARTIES

2. Plaintiff, Sylvia N. Rivas is and at all times relevant hereto was a resident of Louisville, Kentucky.

3. At all pertinent times, Defendant Johnson and Johnson was a foreign corporation doing business in the Commonwealth of Kentucky under the name of Ortho-McNeil-Janssen Pharmaceuticals, Inc. Johnson & Johnson was the employer of Plaintiff and the Plan Sponsor of the "Long Term Disability Income Plan for Choices Eligible

Employees of Johnson & Johnson and Affiliated Companies" (hereinafter referred as the "Choices LTD Plan").

4.      At all pertinent times, Defendant The Pension Committee of Johnson & Johnson was the Plan Administrator of the Choices LTD Plan, of which Plaintiff was a Participant.

5.      At all pertinent times, Defendant Reed Group was a Claims Service Organization or Service Administrator of the Choices LTD Plan.

6.      The Court has original jurisdiction in this matter pursuant to Employee Retirement Income Security Act of 1974 ("ERISA") § 1001, *et seq*.

## STATEMENT OF FACTS

7.      Plaintiff Sylvia N. Rivas began working for Johnson and Johnson on February 2, 1993 as a pharmaceutical sales representative. Her first absence from work for disability and the day her short-term disability began was August 20, 2007. Plaintiff was determined disabled for ongoing back problems, depression and hypothyroidism.

8.      Plaintiff received short term disability benefits from August 2007 to February 17, 2008, when she her disability was transitioned to benefits payable under the Choices LTD Plan. However, prior to the award of benefits under the Choices LTD Plan, Reed Group terminated the short term benefit of Plaintiff on multiple occasions, with each denial to be subsequently reversed upon appeal. (Admin. Record 00013).

9.      Upon information and belief, due to the termination of short term benefits, the Plaintiff lost her coverage of medical insurance, which was a material factor in her inability to receive proper medical care for her severe depression. A series of miscommunication between Reed Group, Defendants and Plaintiff left the Plaintiff

without a source of income, her company vehicle needed for transportation, and medical insurance during this critical period of the Plaintiff's disability. During this period, in January through May 2008, Reed Group and Defendants became aware that the Plaintiff's severe depression and disabled condition prevented her from full completion of a medical treatment plan.

10. On June 23, 2008, Plaintiff attended an IME arranged by Reed Group with Dr. Dennis Buccholz for evaluation of Plaintiff's severe depression. In the report issued from that examination, Dr. Buccholz indicated a diagnosis of Major Depression and Generalized Anxiety Disorder, and indicated that the Plaintiff demonstrated cognitive impairment in attention, concentration and psychomotor functioning. (Admin. Record 00149-00156). Further, Dr. Buccholz indicated no evidence of malingering or exaggeration of symptoms. Dr. Buccholz concluded that the Plaintiff "is not able to perform an eight hour job. The reason for this is her high level of depression and anxiety." Dr. Buccholz further opined that "Ms. Rivas will continue to need psychotherapy and appropriate medications prescribed by a psychiatrist for the foreseeable future" and that she was unable to return to work at the present time."

11. Following the issuance of Dr. Buccholz' report, the Plaintiff was awarded a continued benefit under the Choices LTD plan. However, Plaintiff immediately had continued problems with insurance benefits needed for her medical treatment, as she did not receive payment of past due benefits until the payment for the prior five months of past benefits was issued on July 25, 2008. (Admin. Record 00049). Therefore, Plaintiff had received no income benefits, and had no ability to pay for required medical treatment, from February 2008 until the end of July 2008.

12.	The Defendants were fully aware of the Plaintiff's inability to follow a medical treatment plan as of July 31, 2008, as the case notes of Reed Group indicate the intended future action by the following entry: "Action Plan: short and long term goals, potential complication to deal with: level of depression and anxiety will need to improve." (Admin. Record 00049 ; entry 7/31/2008).

13.	Following this entry in the case notes, Reed Group began to undertake actions with the purpose of preserving plan assets by terminating the long term benefits due Plaintiff under the Choices LTD Plan. On August 29, 2008, during a monthly review, Reed Group initiated a plan to review Plaintiff's ability to work any occupation, as Dr. Buccholz had clearly established that Plaintiff was unable to perform as a pharmaceutical sales representative. This plan was accompanied by a request, with assistance provided by the Plan, for the Plaintiff to be determined disabled by the Social Security Administration, which if approved, would reduce the exposure of plan assets by a reduction in Plaintiff's benefits. (Admin. Record 00050).

14.	On October 17, 2008, Reed Group issued a LTD Transition Investigation concerning the benefits awarded Plaintiff. (Admin. Record 00050: multiple entries dated 10/17/2008). As a result of the LTD Transition Investigation, Reed Group issued multiple requests for information from Plaintiff, with each indicating that benefits would be terminated if certain information was not provided. However, during this critical period of October 2008, Plaintiff was in recovery from emergency gall bladder surgery, which was performed on October 4, 2008. The combined disabling medical conditions of major depression and anxiety disorder were exacerbated by the physical impairment related to

the emergency gall bladder surgery to such an extent that the Plaintiff was unable to follow approved treatment plans for her known disabling conditions.

     15.    While Plaintiff did eventually recover from the emergency gall bladder surgery and provided Reed Group with documents requested concerning her treatment plan, Reed Group terminated the Choices LTD benefits of Plaintiff effective November 17, 2008. At the time that benefits were terminated, Plaintiff was entitled to a monthly benefit of $4,916.85 under the Choices LTD Plan.

     16.    Plaintiff subsequently appealed the determination terminating her benefits. Documentation produced by the Plaintiff upon appeal demonstrated the causal connection between the previous denial of medical benefits due to miscommunications of coverage among Defendants, and the inability of Plaintiff to follow the authorized treatment plan for psychiatric services. These documents demonstrated the following:

     a.    Plaintiff's authorized treatment provider for psychiatric services was Dr. Ellen Know of Parkview Psychiatric Services.

     b.    Plaintiff had multiple missed appointments with Dr. Knox due to the inability to pay, and because of her depressed condition.

     c.    Dr. Knox ultimately dismissed Plaintiff as a patient due to her missed appointments, as reported by Plaintiff. (Admin. Record 00023).

     d.    Plaintiff received treatment in September 2008 for an injury to her knee sustained a month prior. During the examination, the treating physician expressed concerns that she may be overmedicated due to the number of medications prescribed for her multiple ailments. (Admin. Record 00491).

  e. Plaintiff was sleeping 14 hours daily (Admin. Record 00491) during the period in which Reed Group ultimately terminated benefits due to failure to follow approved treatment plans for her psychiatric condition, of which Dr. Knox was the treating psychiatrist.

  f. During this relevant period, the erratic behavior of Plaintiff was noted in office notes prepared by Heather Sena, MD related to the Plaintiffs refusal to accept a medical referral related to her lupus like symptoms. (Admin. Record 0494-0497) Dr. Sena subsequently sent correspondence to Plaintiff discontinuing medical treatment and suggested that she was in need of further medical care for her medical condition. (Admin Record 00500)

  g. The chronology of events triggered by the denial of benefits in January through May 2008, in addition to the diagnoses of major depression and anxiety disorder, manifested in the complete inability of the Plaintiff to be able to comprehend and follow the approved treatment plan.

  h. When Reed Group had knowledge indicating that the Plaintiff may qualify for any occupation, which would decrease or terminate her benefits, Plaintiff was inundated with multiple requests for medical information which she was unable to comply due to her disabling conditions. During the period in which Plaintiff received the multiple requests, she was recuperating from emergency gall bladder surgery and was unable to properly respond due to the combination of disabling medical conditions.

  17. Following her recuperation from gall bladder surgery, in November 2008, Plaintiff sought treatment from John Baird, M.D. for fibromyalgia and depression. This information was provided to Reed Group upon appeal by Plaintiff on January 9, 2009.

(Admin. Record 00081-00084). However, the clinical review performed by Reed Group on January 20, 2009, gave no weight to the evaluation of Dr. Baird due to the failure to provide evidence of diagnostic testing. (Admin. Record 00054).

18. On August 19, 2009, A Final Appeal Determination (the "Final Determination") was issued by Defendant Pension Committee which upheld the initial termination of benefits as determined by the Reed Group. (Admin. Record 00801-00809) In the Summary of Rationale for Denial, the Final Determination indicates that Plaintiff has failed to follow plan requirements to remain eligible or "that she provide documentation of a cognitive or other impairment that would have prevented her from complying with Reed's request for documentation." The Final Determination makes no reference to the findings of Dr. Baird related to depression dated March 26, 2009 (Admin. Record 00784-00795).

19. Thereafter, by decision dated February 16, 2010, the Plaintiff received a fully favorable determination of disability by the Social Security Administration. The favorable decision cited the IME report of Dr. Buccholz and the treatment records of Dr. Baird as supporting a finding of disability. (Admin. Record 00834-00839).

20. Plaintiff submitted copies of the SSA determination for reconsideration by the Defendants. By Final Determination Supplement dated April 28, 2010, the Defendant Pension Committee upheld the findings of the Final Determination, specifically discounting the evidence cited by the Social Security Administration in the fully favorable decision. A copy of the Final Determination Supplement is attached as Exhibit I.

## CAUSE OF ACTION

21. Plaintiff reaffirms, reavers and realleges all allegations contained in paragraphs 1 though 20, inclusive herein, as though fully set forth in their entirety.

22. By virtue of the improper denial of long-term disability benefits, and as all administrative remedies have been exhausted, Plaintiff has a right to file suit under ERISA, 29 U.S.C. § 1132.

23. Plaintiff contends that her long-term disability benefits were improperly denied by the Final Determination dated April 19, 2009, and subsequently by the refusal to reconsider the award of disability by the Social Security Administration.

24. The actions of the Defendants in terminating benefits of Plaintiff under the terms of the Choices LTD Plan are in breach of fiduciary duties owed by the Defendants to the Plaintiff, constitute breach of the insurance contract, and are unlawful under ERISA, 29 U.S.C. § 1132, as amended.

**WHEREFORE**, Plaintiff requests that this court:

A. Award to Plaintiff benefits due to her under her the Choices LTD Plan;

B. Award Plaintiff pre-judgment interest on the benefits due to her under the Choices LTD Plan;

C. Reinstate Plaintiff as a recipient of benefits under the Choices LTD Plan;

D. Award to Plaintiff reasonable attorney's fees and costs;

E. Award Plaintiff all equitable relief for which she may be entitled.

VERIFICATION

Sylvia Rivas, being duly sworn, states that she has read the foregoing Verified Complaint, and that the statements set forth therein are true to the best of her knowledge, information and belief.

_____
Sylvia Rivas

COMMONWEALTH OF KENTUCKY    )
                            ) SS:
COUNTY OF JEFFERSON         )

Subscribed and sworn to by __Sylvia N. Rivas__, to me known, this 28th day of April, 2011.

My commission expires: _____

"Notary Public"
Charlton Clay Hundley IV
State at Large, Kentucky
My Commission Expires on Sept. 11, 2011

_____
NOTARY PUBLIC, STATE AT LARGE

Respectfully submitted,

/s/ Charlton C. Hundley
Charlton C. Hundley
TRAVIS & HERBERT, PLLC
The Jefferson Marders Building
11507 Main Street
Middletown Historic District
Louisville, KY 40243
Phone: (502) 245-7474
Fax:   (502) 245-7025
Email: chundley@thattorneys.com
Attorney for Plaintiff, Sylvia Rivas